# CV-11 0983

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

RICHARD BREITSTEIN,

Plaintiff,

(S F)

-against-

JAMES CRESS FLORISTS, LTD., GARY CRESS,
individually, and LAURA CRESS, individually.

Defendant.

-------------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

DOCKET NO: MAR 0 1 2011 ★

LONG ISLAND OFFICE

**VERIFIED COMPLAINT**

**JURY TRIAL DEMANDED**

SEYBERT, J.
TOMLINSON, M

Plaintiff, RICHARD BREITSTEIN, by and through his attorneys, the Law Offices of

William A. Roché, P.C., as and for his Verified Complaint, sets forth the following, under

penalty of perjury:

## PRELIMINARY STATEMENT

1. This action is brought by RICHARD BREITSTEIN (hereinafter "Plaintiff" or

   "Breitstein") against JAMES CRESS FLORISTS, LTD., GARY CRESS and LAURA

   CRESS ("hereinafter "Defendants") for its discrimination against a fifty-six (56) year

   old disabled, Jewish Male, failure to pay overtime wages pursuant to federal and New

   York State law, as well as for breach of contract.

2. Plaintiffs' federal claims arise under the Americans with Disabilities Act of 1990, as

   amended, 42 U.S.C.A. § 12102, Title VIII of the Civil Rights Act of 1964, 42

   U.S.C.A. 2000e, *et. seq.*, the Age Discrimination in Employment Act 29 U.S.C.A §§

621 – 634, and the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. § 201, *et seq.*; Plaintiffs' state and local law claims arise under New York State Executive Law § 296, New York State Labor Law § 190, *et seq.*, as well as common law breach of contract claims.

## JURISDICTION

3. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States.

4. Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff, RICHARD BREITSTEIN, is an individual residing in the State of New York and maintaining a residence at 112 Stonehurst Lane, Dix Hills, NY 11746.

6. Upon information and belief, Defendant James Cress Florists, Ltd. is domestic corporation organized and existing pursuant to the laws of the State of New York and maintaining a principal place of business at 115 E. Main St., Smithtown, New York 11787.

7. Upon information and belief, at all relevant times Defendant Gary Cress was a shareholder and/or officer of Defendant James Cress Florists, Ltd. and resides in Port Jefferson, New York.

8. Upon information and belief, at all relevant times, Defendant Laura Cress was a shareholder and/or officer of Defendant James Cress Florists, Ltd. and resides in Port Jefferson, New York.

9. Upon information and belief, Defendant James Cress Florists, Ltd. Is the largest floral retailer in Suffolk County.

10. Upon information and belief, Defendant James Cress Florists, Ltd. was founded in 1903.

11. Upon information and belief, at all times relevant to this action, Defendant James Cress Florists, Ltd. has done business well in excess of two million dollars ($2,000,000.00) per year.

## FACTS

12. On August 1, 2006, Plaintiff RICHARD BREITSTEIN was hired as the Vice President of "Elegant Events by James Cress Florists."

13. Prior to his hire, Plaintiff had been in the floral party business for eighteen (18) years and had once been a partner in the third largest floral party decoration firm in the tri-state area.

14. On July 14, 2006, prior to Plaintiff's hire, Plaintiff and Defendant entered into an employment agreement, annexed hereto as Exhibit "A."

15. Both at the time the employment contract was executed, and upon the commencement of Plaintiff's employment, it was known that Plaintiff suffered from a disability, namely that he had debilitating back injury that required surgery, pain medication and which substantially limited his ability to perform several major life activities, including, but not limited to, walking, sitting and standing.

16. The Elegant Events division was specifically created by Plaintiff as a separate division of Defendant James Cress Florists, Ltd., which would be solely for larger events and parties.

17. Prior to Plaintiff's hire, there was no Elegant Events division of Defendant James Cress Florists.

18. At the time Plaintiff was hired, Plaintiff was informed by Gary Cress that his only supervisors would be Gary Cress and his father, James Cress, who, upon information and belief, passed away in 2007.

19. Pursuant to the terms of Plaintiff's employment contract, Defendant was to, *inter alia*, "furnish all necessary office space, equipment, supplies, utilities, working capital, clerical services, advertising and marketing materials, and such other professional and administrative support required by [Plaintiff] to faithfully, diligently and/or expeditiously perform the duties of [Plaintiff's] employment under this Agreement." See Exhibit "A."

20. In fact, during July of 2006, a meeting was held by Gary Cress, of all the Smithtown store employees, in which all Smithtown store employees were instructed to provide Plaintiff with any and all assistance he required.

21. Additionally, the employment contract contained in Exhibit "A" provides for a vehicle allowance for Plaintiff in the amount of $500.00 per month, plus reimbursement for fuel, insurance, service or maintenance and excess mileage fees.

22. Furthermore, the contract provided that Defendant would provide Plaintiff with $104,000.00 per year annual salary, plus commissions on sales.

23. In or about November, 2008, Defendant began breaching Plaintiff's employment contract by failing to remit to Plaintiff his car allowance, including car insurance.

24. In or about November, 2008, Defendant began breaching Plaintiff's employment contract by cutting his salary in half.

25. In late 2009, Plaintiff was informed that he would now be reporting to Laura Cress, spouse of Gary Cress, who had been appointed Chief Operating Officer of Defendant in November of 2007.

26. In December of 2009, Plaintiff was informed that he was also to listen (ie. Follow the instructions of) Linda Campbell, Laura Cress' sister.

27. Approximately nine (9) months after Laura Cress was appointed Chief Operating Officer of Defendant James Cress Florists, Ltd., Plaintiff Richard Breitstein began being subjected to various forms of discrimination because of his disability, gender and age.

28. Upon information and belief, in or about September of 2008, Plaintiff's head designer, Anthony Uva, who was hired by Plaintiff, was instructed to minimize his assistance to Plaintiff and no longer consider the Elegant Events showroom to be the main focus of his concern.

29. Upon information and belief, in or about January, 2009, Plaintiff's head designer, Anthony Uva, was fired from the Elegant Events division of Defendant James Cress Florists, Ltd. by Retail Store Manager Tom Lynch, who had received instruction to do so by Gary Cress and Laura Cress.

30. Upon information and belief, subsequent to the termination of Anthony Uva, Plaintiff was no longer a manager and lost his exempt status under federal and New York State wage and hour laws.

31. After Anthony Uva was terminated, Gary Cress, President and Chief Executive Officer of Defendant, informed Plaintiff, in sum and substance, that there were plenty of employees in the retail store to assist Plaintiff with the carrying and lifting of floral

arrangements and equipment, as well as the setting up and breaking down of the showroom.

32. Plaintiff mostly received the assistance from the other employees referenced by Gary Cress on rare occasions, mostly when Laura Cress was not present.

33. Throughout 2009, Gary Cress and Laura Cress, often directed comments at Plaintiff, referring to him as the "old gray haired guy with the bum back."

34. On or about January 28, 2010, Plaintiff discovered that his main and secondary filing cabinets had been removed from his office.

35. On or about January 28, 2010, Plaintiff also discovered that that all folders, paperwork, forms and other things he needed to do his job had been removed from his office and placed in Gary Cress' office. Plaintiff was informed that he now had to ask for permission from Gary Cress if he needed anything. This was a condition of employment that only Plaintiff had to endure. Furthermore, Gary Cress' office door was often locked and sometimes he was not in the building.

36. Additionally, on or about January 28, 2010, a security camera was installed in Plaintiff's office, whereas all other security cameras were placed in common areas.

37. The torturous conditions under which Plaintiff had to work, without a reasonable accommodation of his disability, together with his apparent demotion, the removal from his office of the filing cabinets, folders, paperwork and forms, and the installation of security cameras in his office, made it abundantly clear to Plaintiff that he had been constructively discharged.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT JAMES CRESS FLORISTS, LTD.
## AMERICANS WITH DISABILITIES ACT OF 1990 ("ADA")
### 42 U.S.C. §12101 *et. seq.*

38. Plaintiff repeats and realleges each and every allegation made in paragraphs numbered "1" through "37," as if set forth more fully herein.

39. Plaintiff is an individual who is a "qualified individual with a disability", and as such, is protected under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et. seq.

40. The Americans with Disabilities Act, ADA, 42 U. S. C. §§ 12101 *et seq.,* prohibits employers from acting in an unlawful discriminatory manner towards its employees because of the employee's disability.

41. By reason of Defendants' actions against Plaintiff, Defendants' violated The Americans with Disabilities Act, ADA, 42 U. S. C. §§ 12101 *et seq.*

42. As a result of Defendants' actions, Plaintiff has been damaged in an amount to be determined at trial, but in no event less than ONE MILLION DOLLARS ($1,000,000.00).

43. By reason of Defendants' egregious discriminatory actions, punitive damages against Defendants should be assessed in the amount of FIVE MILLION DOLLARS ($5,000,000.00).


## SECOND CAUSE OF ACTION AGAINST DEFENDANT JAMES CRESS FLORISTS, LTD.
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 ("Title VII")
### 42 U.S.C. § 2000e *et. seq.*

44. Plaintiff repeats and realleges each and every allegation made in paragraphs numbered "1" through "43," as if set forth more fully herein.

45. Plaintiff is a White Male, as such protected under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.,* from unlawful discriminatory practices by his employers.

46. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.,* prohibits employers from acting in an unlawfully discriminating manner towards its employees because of their gender.

47. Defendants' actions towards Plaintiff were a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*

48. Plaintiff has been damaged in an amount to be determined at trial, but in no event less than ONE MILLION DOLLARS ($1,000,000.00).

49. By reason of Defendants' egregious discriminatory actions, punitive damages against Defendants should be assessed in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

## THIRD CAUSE OF ACTION AGAINST DEFENDANT JAMES CRESS FLORISTS, LTD. AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 ("ADEA") 29 U.S.C. § 621 through 29 U.S.C. § 634

50. Plaintiff repeats and realleges each and every allegation made in paragraphs numbered "1" through "49," as if set forth more fully herein.

51. Plaintiff is fifty-six (56) years of age, as such, protected under the Age Discrimination in Employment Act of 1967 "ADEA", 29 U.S.C. § 621 through 29 U.S.C. § 634, from unlawful discrimination practices by his employers.

52. The Age Discrimination in Employment Act of 1967 "ADEA", 29 U.S.C. § 621 through 29 U.S.C. § 634, prohibits employers from acting in a discriminatory manner towards its employees because of age.

53. Defendants' actions towards Plaintiff violated The Age Discrimination in Employment Act of 1967 "ADEA", 29 U.S.C. § 621 through 29 U.S.C. § 634.

54. Plaintiff has been damaged in an amount to be determined at trial, but in no event less than ONE MILLION DOLLARS ($1,000,000.00).

55. By reason of Defendants' egregious discriminatory actions, punitive damages against Defendants should be assessed in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

**FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
FAIR LABOR STANDARDS ACT OF 1938, AS AMENDED
29 U.S.C.A. § 201, ET SEQ.**

56. Plaintiff repeats and realleges each and every allegation made in paragraphs numbered "1" through "55," as if set forth more fully herein.

57. From on or about January 9, 2009 until January 28, 2010, Plaintiff was employed as a non-exempt employee of Defendant under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. § 201, *et seq.* (hereinafter "FLSA"), and as such, was entitled to be compensated at one and one-half times his rate of pay for all hours worked in excess of forty hours.

58. During that period of time, Plaintiff worked approximately 55 hours a week, including time spent doing paperwork at home.  This work at home was performed with the full knowledge of Defendant s Gary Cress and Laura Cress.

59. Defendant JAMES CRESS FLORISTS, LTD. failed to compensate Plaintiff at one and one-half times his rate of pay for the hours Plaintiff worked in excess of forty hours.

60. During the period of FLSA non-compliance by Defendant JAMES CRESS FLORISTS, LTD., Defendants GARY CRESS AND LAURA CRESS were shareholders and/or officers of the Defendant Corporation.  Both Defendant Gary Cress and Defendant Laura Cress were intimately involved in directing the Plaintiff's methods of work, job duties, and work hours.

61. As a result of the foregoing, Plaintiff has been damaged in the amount of at least $60,000.00 in unpaid overtime pay.

62. Defendant's violations of the FLSA were willful, and as such, Plaintiff is entitled to recover an additional $60,000.00 from Defendant, as liquidated damages.

63. By reason of Defendant's willful violation of the FLSA, Plaintiff is entitled to recover the sum of $120,000.00 from Defendant.

## FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
## NEW YORK STATE LABOR LAW § 190, ET SEQ.

64. Plaintiff repeats and realleges each and every allegation made in paragraphs numbered "1" through "63," as if set forth more fully herein.

65. Defendant's failure to pay one and one-half time his rate of pay for hours in excess of forty hours is a violation of New York State Labor Law § 190, *et seq*.

66. As a result of the foregoing, Plaintiff is entitled to recover the sum of $60,000.00 from Defendant, and an additional $15,000.00, as liquidated damages.

67. By reason of the foregoing, Plaintiff is entitled to recover the sum of $75,000.00 from Defendant, under New York State Labor Law § 190, *et seq.*, plus reasonable attorneys fees and interest.

## SIXTH CAUSE OF ACTION AGAINST DEFENDANT JAMES CRESS FLORISTS, LTD. NEW YORK STATE EXECUTIVE LAW § 296

68. Plaintiff repeats and realleges each and every allegation made in paragraphs numbered "1" through "67," as if set forth more fully herein.

69. Plaintiff is a fifty-six (56) year old disabled White-Male, as such, protected under New York State Executive Law.

70. New York State Executive Law § 296, prohibits employers from acting in a discriminatory manner towards its employees because of age, sex, disability, etc.

71. By reasons of the Defendant's actions against Plaintiff, Defendants' violated New York State Executive Law § 296.

72. Plaintiff has been damaged in an amount to be determined at trial, but in no event less than ONE MILLION DOLLARS ($1,000,000.00), plus interest.

## SEVENTH CAUSE OF ACTION AGAINST DEFENDANT JAMES CRESS FLORISTS, LTD. FOR BREACH OF CONTRACT

73. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "72," as if set forth more fully herein.

74. For good and valuable consideration, Defendant entered into a contract of employment (Exhibit "A"), whose relevant terms are outlined in paragraph 19 of this Complaint.

75. Plaintiff fully performed all of the duties and responsibilities required of him under the terms of the contract.

76. Defendant breached many of the essential terms of the contract, resulting in actual and consequential damage to Plaintiff in the amount of $200,000.00.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court enter judgment in favor of the Plaintiff, as follows:

    a. On the First Cause of Action for ONE MILLION DOLLARS ($1,000,000.00), plus interest and punitive damages in the amount of FIVE MILLION DOLLARS ($5,000,000.00); and

    b. On the Second Cause of Action for ONE MILLION DOLLARS ($1,000,000.00), plus interest and punitive damages in the amount of FIVE MILLION DOLLARS ($5,000,000.00); and

    c. On the Third Cause of Action for ONE MILLION DOLLARS ($1,000,000.00), plus interest and punitive damages in the amount of FIVE MILLION DOLLARS ($5,000,000.00); and

    d. On the Fourth Cause of Action for recovery of unpaid overtime in the amount of $60,000.00, plus liquidated damages in the amount of $60,000.00, plus reasonable attorneys' fees and interest; and

    e. On the Fifth Cause of Action for recovery of unpaid overtime in the amount of $60,000.00, plus liquidated damages in the amount of $15,000.00, plus interest; and

f.   On the Sixth Cause of Action for ONE MILLION DOLLARS ($1,000,000.00), plus

interest; and

g.   On the Seventh Cause of Action for Two Hundred Thousand Dollars ($200,000.00),

plus interest; and

h.   Award such other and further relief as this Court may deem appropriate and equitable,

including injunctive and declaratory relief as may be required in the interests of

justice, reasonable attorneys fees and the costs of this action.

**JURY DEMAND**

Plaintiffs hereby demands a trial by jury.

Dated: Westbury, New York
          February 22, 2011

William A. Roché, Esq.
The Law Offices of William A. Roché, P.C.
*Attorney for Plaintiff*
792 Carman Avenue
Westbury, New York 11590
516-308-1739