UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RICHARD BREITSTEIN,

                Plaintiff,

  -against-

JAMES CRESS FLORIST, LTD.,
GARY CRESS, individually, and LAURA
CRESS, individually,

                Defendants.
-----------------------------------------------------------X

Index No. CV- 11-0983

**VERIFIED**
**ANSWER**

Seybert, J
Tomlinson, M

      Defendants, James Cress Florist, Ltd., Gary Cress, and Laura Cress, by their attorneys, Tsunis Gasparis Lustig & Ring LLP, as and for their answer to the Plaintiff's Complaint, respond as follows:

      1.    Neither admit nor deny the allegations contained in Paragraphs 1 and 2 of the Complaint since said Paragraph does not require an answer, and the Court can decipher for itself the Plaintiff's claims and law cited from its review of the instant pleading.

      2.    Admit the allegations contained in Paragraphs 3 and 4 of the Complaint as to the statute cited and venue, but deny knowledge and/or information sufficient to form a belief with respect to the remaining allegations contained therein.

      3.    Lack knowledge and/or information sufficient to form a belief with respect to the allegations contained in Paragraph 5 of the Complaint.

      4.    Admit the allegations contained in Paragraph 6 of the Complaint.

      5.    Answering Paragraph 7 of the Complaint, admit that Defendant Gary Cress was an officer of Defendant James Cress Florist, Ltd. and resides in Port Jefferson,

NY, but deny knowledge and/or information sufficient to form a belief with respect to the remaining allegations contained therein.

6. Answering Paragraph 8 of the Complaint, admit that Defendant Laura Cress resides in Port Jefferson, NY, but deny the remaining allegations contained therein.

7. Lack knowledge and/or information sufficient to form a belief with respect to the allegations contained in Paragraph 9 of the Complaint.

8. Deny the allegations contained in Paragraph 10 of the Complaint.

9. Lack knowledge and/or information sufficient to form a belief with respect to the allegations contained in Paragraph 11 of the Complaint.

10. Answering Paragraph 12 of the Complaint, admit that in or about August, 2006 Plaintiff was hired by Defendant James Cress Florist, Ltd., but lack knowledge and/or information sufficient to form a belief with respect to the remaining allegations contained therein.

11. Lack knowledge and/or information sufficient to form a belief with respect to the allegations contained in Paragraph 13 of the Complaint.

12. Answering Paragraph 14 of the Complaint, admit the existence of a written agreement between the Plaintiff and Defendant James Cress Florist, Ltd. the terms of which speak for itself and beg leave of Court to refer to said agreement at the time of trial of this action.

13. Deny the allegations contained in Paragraphs 15 and 16 of the Complaint.

14. Lack knowledge and/or information sufficient to form a belief with respect to the allegations contained in Paragraph 17 of the Complaint.

15. Answering Paragraph 18 of the Complaint, admit that during the Plaintiff's employment with Defendant James Cress Florist, Ltd. Defendant Gary Cress and his father, James Cress, possessed supervisory authority and that James Cress is deceased, but lack knowledge and/or information sufficient to form a belief with respect to the remaining allegations contained therein.

16. Answering Paragraph 19 of the Complaint, admit the existence of a written agreement between the Plaintiff and Defendant James Cress Florist, Ltd. the terms of which speak for itself and beg leave of Court to refer to said agreement at the time of trial of this action.

17. Lack knowledge and/or information sufficient to form a belief with respect to the allegations contained in Paragraph 20 of the Complaint.

18. Answering Paragraphs 21 and 22 of the Complaint, admit the existence of a written agreement between the Plaintiff and Defendant James Cress Florist, Ltd. the terms of which speak for itself and beg leave of Court to refer to said agreement at the time of trial of this action.

19. Answering Paragraphs 23 and 24 of the Complaint, admit that the terms of the agreement between the Plaintiff and Defendant James Cress Florist, Ltd. were amended with the mutual knowledge and consent of the parties subsequent to the Plaintiff's date of hire, but deny the remaining allegations contained therein.

20. Answering Paragraph 25 of the Complaint, deny that Laura Cress was Chief Operating Officer of Defendant James Cress Florist, Ltd., but lack knowledge and/or information sufficient to form a belief with respect to the remaining allegations contained therein.

21. Answering Paragraph 26 of the Complaint, admit that Linda Campbell is Defendant Laura Cress' sister and was employed by Defendant James Cress Florist Ltd., but lack knowledge and/or information sufficient to form a belief with respect to the remaining allegations contained therein.

22. Deny the allegations contained in Paragraph 27 of the Complaint.

23. Answering Paragraphs 28 and 29 of the Complaint, admit that heretofore Anthony Uva was an employee of Defendant James Cress Florist, Ltd., but lack knowledge and/or information sufficient to form a belief with respect to the remaining allegations contained therein.

24. Deny the allegations contained in Paragraph 30 of the Complaint.

25. Lack knowledge and/or information sufficient to form a belief with respect to the allegations contained in Paragraphs 31 and 32 of the Complaint.

26. Deny the allegations contained in Paragraph 33 of the Complaint.

27. Answering Paragraphs 34 and 35 of the Complaint, admit that heretofore the filing system utilized by Defendant James Cress Florist, Ltd. was centralized as part of a legitimate business purpose and/or objective, deny that the sole reason any cabinets and/or files were relocated was due to the Plaintiff, but lack knowledge and/or information sufficient to form a belief with respect to the remaining allegations contained therein.

28. Answering Paragraph 36 of the Complaint, admit that heretofore the security system located at Defendant James Cress Florist Ltd. was overhauled and/or updated as part of a legitimate business plan and/or objective, deny that the sole reason or motive for overhauling and/or updating the security system was due to the Plaintiff, but

lack knowledge and/or information sufficient to form a belief with respect to the remaining allegations contained therein.

29. Deny the allegations contained in Paragraph 37 of the Complaint.

30. Neither admit nor deny the allegations contained in Paragraph 38 of the Complaint since said Paragraph does not contain allegations requiring an answer.

31. Answering Paragraphs 39 and 40 of the Complaint, admit the statutes cited, but lack knowledge and/or information sufficient to form a belief with respect to the remaining allegations contained therein.

32. Deny the allegations contained in Paragraphs 41, 42, and 43 of the Complaint.

33. Neither admit nor deny the allegations contained in Paragraph 44 of the Complaint since said Paragraph does not contain allegations requiring an answer.

34. Answering Paragraphs 45 and 46 of the Complaint, admit the statute cited, but lack knowledge and/or information sufficient to form a belief with respect to the remaining allegations contained therein.

35. Deny the allegations contained in Paragraphs 47, 48, and 49 of the Complaint.

36. Neither admit nor deny the allegations contained in Paragraph 50 of the Complaint since said Paragraph does not contain allegations requiring an answer.

37. Answering Paragraphs 51 and 52 of the Complaint, admit the statute cited, but lack knowledge and/or information sufficient to form a belief with respect to the remaining allegations contained therein.

38. Deny the allegations contained in Paragraphs 53, 54, and 55 of the Complaint.

39. Neither admit nor deny the allegations contained in Paragraph 56 of the Complaint since said Paragraph does not contain allegations requiring an answer.

40. Answering Paragraph 57 of the Complaint, admit that heretofore Plaintiff was employed by Defendant James Cress Florist, Ltd., but deny the remaining allegations contained therein.

41. Deny the allegations contained in Paragraph 58 of the Complaint.

42. Answering Paragraph 59 of the Complaint, deny that the Plaintiff was entitled to be compensated at one and one-half (1½) times the rate of his pay for all hours worked in excess of forty hours, but lack knowledge and/or information sufficient to form a belief with respect to the remaining allegations contained therein.

43. Deny the allegations contained in Paragraphs 60, 61, 62, and 63 of the Complaint.

44. Neither admit nor deny the allegations contained in Paragraph 64 of the Complaint since said Paragraph does not contain allegations requiring an answer.

45. Deny the allegations contained in Paragraphs 65, 66, and 67 of the Complaint.

46. Neither admit nor deny the allegations contained in Paragraph 68 of the Complaint since said Paragraph does not contain allegations requiring an answer.

47. Lack knowledge and/or information sufficient to form a belief with respect to the allegations contained in Paragraph 69 of the Complaint.

48. Answering Paragraph 70 of the Complaint, admit the statute cited, but deny any wrongful conduct by the Defendants under any federal or state law.

49. Deny the allegations contained in Paragraphs 71 and 72 of the Complaint.

50. Neither admit nor deny the allegations contained in Paragraph 73 of the Complaint since said Paragraph does not contain allegations requiring an answer.

51. Answering Paragraph 74 of the Complaint, admit the existence of a written agreement between the Plaintiff and Defendant James Cress Florist, Ltd. the terms of which speak for itself and beg leave of Court to refer to said agreement at the time of trial herein.

52. Deny the allegations contained in Paragraphs 75 and 76 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

53. The Complaint fails to state a claim upon which all of the relief requested can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

54. The Complaint fails to state a claim for which all the damages sought by the Plaintiff can be awarded.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

55. Plaintiffs are not entitled to punitive and/or liquidated damages under the Fair Labor Standards Act or punitive and/or liquidated damages under the New York Labor Law, as the actions and/or conduct of the Defendants, were, at all times material to the allegations contained in the Complaint, taken and/or put forth in good faith and/or for legitimate and lawful business reasons.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

62. Any damages alleged to have been incurred by the Plaintiff were, in whole or in part, the result of the actions and/or inactions of the Plaintiff, not the Defendants.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

63. Plaintiff has failed to mitigate his damages, if any.

Dated: Islandia, New York
May 5, 2011

                              TSUNIS GASPARIS LUSTIG & RING LLP

                              By: _____
                              Christopher P. Ring (CR-1973)
                              Attorneys for Defendants
                              2929 Expressway Drive North
                              Islandia, NY 11749
                              (631) 582-4000

To:    William A. Roche, Esq.
        Law Office of William A. Roche, PC
        792 Carman Avenue
        Westbury, NY 11590
        (516) 308-1739

STATE OF NEW YORK  )
                   ) s s.:
COUNTY OF SUFFOLK  )

## VERIFICATION

The undersigned, Gary Cress, a named Defendant in this action, being duly sworn, states that deponent has read the Answer and that the same is true, except for matters stated to be true upon information and belief and as to those matters he believes them to be true.

_____
Gary Cress

Sworn to before me on the
___ day of May, 2011

_____
Notary Public

CHRISTOPHER P RING
Notary Public, State of New York
02RI5080804
Qualified in Suffolk County
Commission Expires June 23, 19__

2011